**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| VALLEY LODGE CORP., | |
| Plaintiff, | |
| v. | Case No. |
| SOCIETY INSURANCE, a Mutual Company, | *JURY TRIAL DEMANDED* |
| Defendant. | |

## **COMPLAINT AT LAW**

Plaintiff, VALLEY LODGE CORP., doing business as "The Valley Lodge" ("Plaintiff"), through its attorneys, CLIFFORD LAW OFFICES, P.C., complaining of the Defendant, SOCIETY INSURANCE, a Mutual Company (hereinafter "Society" or "Society Insurance"), for its Complaint at Law against Defendant Society Insurance, alleges as follows:

## **INTRODUCTION**

1. Plaintiff is the owner and operator of a casual dining restaurant in Glenview, Illinois, which has been forced, by recent orders issued by the State of Illinois, to cease operations—through no fault of its own—as part of the State's efforts to slow the spread of the COVID-19 global pandemic. The closures mandated by these orders present an existential threat to Plaintiff's business that employs dozens of Illinois residents. To protect its business from situations like these, which threaten the livelihood of Plaintiff's employees due to factors wholly outside of its control, Plaintiff obtained business interruption insurance from Society Insurance. In blatant breach of its insurance obligations that it voluntarily undertook in exchange for Plaintiff's premium payments, Society Insurance has denied Plaintiff's claims arising from the State-ordered interruption of their businesses.

1

2. As a result, Plaintiff now brings this action against Society Insurance for its failure to provide insurance coverage for the business income Plaintiff lost because of the ongoing Coronavirus (COVID-19) pandemic and its failure to honor its obligations under the commercial businessowners insurance policy issued to Plaintiff, which provides coverage for losses incurred due to a "necessary suspension" of its operations, including when its business is forced to close due to a government order.

3. On March 15, 2020, during the term of the policy issued by Society Insurance to Plaintiff, Illinois Governor Pritzker issued an order first closing all restaurants and bars to the public in an effort to address the ongoing COVID-19 pandemic. A few days later, on March 20, 2020, Governor Pritzker ordered all "non-essential businesses" to close. The March 15 and March 20 orders are hereinafter collectively referred to as the "Closure Orders."

4. As a result of the Closure Orders, Plaintiff has been forced to halt ordinary operations, resulting in substantial lost revenues and forcing Plaintiff to furlough or lay off the majority of its employees.

5. Despite Society Insurance's express promise in its policy to cover the Plaintiff's business interruption losses when the government forces a closure, Society Insurance has issued blanket denials to Plaintiff and its other similarly-situated insureds for any losses related to the Closure Orders—often within hours of receiving claims—without first conducting any meaningful coverage investigation, let alone a "reasonable investigation based on all available information" as required under Illinois law.

6. In fact, on March 16, 2020, before Plaintiff had submitted its claim, the CEO of Society Insurance circulated a memorandum to its "agency partners," acknowledging that states, such as Illinois, had "taken steps to limit operations of certain businesses," but

prospectively concluding that Society Insurance's policies would likely not provide coverage for losses due to a "governmental imposed shutdown due to COVID-19 (coronavirus)." A copy of this memorandum is attached here as "**Exhibit A**."

7. To the extent Society Insurance has provided any reason to Plaintiff for its categorical assertion that Plaintiff's losses are not covered, it is based on the assertion that the "actual or alleged presence of the coronavirus," which led to the Closure Orders that prohibited Plaintiff from operating its businesses, does not constitute "direct physical loss."

8. Society Insurance's conclusory statement that the actual or alleged presence of a substance like COVID-19 does not result in property damage is contrary to the law in Illinois. Illinois courts have consistently held that the presence of a dangerous substance in a property constitutes "physical loss or damage." *See, e.g.*, *Bd. of Educ. of Twp. High Sch. Dist. No. 211 v. Int'l Ins. Co.*, 720 N.E.2d 622, 625–26 (Ill. Ct. App. 1999), as modified on denial of reh'g (Dec. 3, 1999).

9. Moreover, unlike many commercial property policies available in the market, the policies sold by Society Insurance do not include an exclusion for loss caused by a virus. Thus, Plaintiff reasonably expected that the insurance it purchased from Society Insurance included coverage for property damage and business interruption losses caused by viruses like the COVID-19 coronavirus.

10. If Society Insurance had wanted to exclude pandemic-related losses under the Plaintiff's policy—as many other insurers have done in other policies—it easily could have attempted to do so on the front-end with an express exclusion. Instead, Society Insurance waited until after it collected Plaintiff's premiums, and after a pandemic and the resulting Closure Orders caused catastrophic business losses to Plaintiff, to try to limit its exposure on

the back- end through its erroneous assertion that the presence of the coronavirus is not "physical loss" and therefore is not a covered cause of loss under its policies.

11. The fact that the insurance industry has created specific exclusions for pandemic-related losses under similar commercial property policies undermines Society Insurance's assertion that the presence of a virus, like the coronavirus, does not cause "physical loss or damage" to property. Indeed, if a virus could never result in a "physical loss" to property, there would be no need for such an exclusion. Moreover, Society Insurance's assertion ignores the fact that their policies promised to provide coverage for losses incurred due to government actions "taken in response to dangerous physical conditions," even if those dangerous physical conditions cause damage to property at locations other than those insured under their policies.

12. Thus, Society Insurance's wholesale, cursory coverage denials are arbitrary and unreasonable, and inconsistent with the facts and plain language of the policies it issued. These denials appear to be driven by Society Insurance's desire to preempt its own financial exposure to the economic fallout resulting from the COVID-19 crisis, rather than to initiate, as Society is obligated to do, a full and fair investigation of the claims and a careful review of the policies they sold to Plaintiff in exchange for valuable premiums.

13. As a result of Society Insurance's wrongful denial of coverage, Plaintiff files this action for a declaratory judgment establishing that it is entitled to receive the benefit of the insurance coverage it purchased, for indemnification of the business losses it has sustained, for breach of contract, and for bad faith claims handling under 215 ILCS 5/155.

## PARTIES

14. Plaintiff is a corporation with Illinois citizenship and its principal place of

business in Glenview, Illinois. VALLEY LODGE CORP. has a Businessowners Policy from Society Insurance, Policy No. BP19017098-0, which covered losses for occurrences at its restaurant.

15. Defendant Society Insurance is a mutual company engaged in the business of selling and providing property and casualty insurance to commercial entities such as Plaintiff, in Illinois and elsewhere. Society Insurance is a citizen of the State of Wisconsin and maintains its principal place of business in Wisconsin.

## JURISDICTION & VENUE

16. This Court has subject matter jurisdiction under 28 U.S.C. § 1332 because there is complete diversity between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

17. This Court has personal jurisdiction over Society Insurance pursuant to the Illinois "long arm statute," 735 ILCS 5/2-209, because Society Insurance has submitted to jurisdiction in this state by: (a) transacting business in Illinois; (b) contracting to insure a person, property or risk located within Illinois at the time of contracting; and (c) making a contract substantially connected with Illinois. See 735 ILCS 5/2-209(1), (4), (7). In addition, Society Insurance exercises substantial, systematic and continuous contacts with Illinois by doing business in Illinois, serving insureds in Illinois, seeking additional business in Illinois and subjecting itself to the authority of the Illinois Department of Insurance.

18. This Court has jurisdiction to grant declaratory relief under 28 U.S.C. § 2201 because an actual controversy exists between the parties as to their respective rights and obligations under the Policy with respect to the loss of business arising from the civil authority event detailed below.

19. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omission giving rise to Plaintiffs' claims occurred within the Northern District of Illinois.

**FACTUAL ALLEGATIONS**

20. Plaintiff incorporates by reference, as if fully set forth herein, the allegations in paragraphs 1–19 above.

### A. The Society Insurance Policy

21. In exchange for substantial premiums, Society Insurance sold a commercial property insurance policy ("the Policy") promising to indemnify Plaintiff for losses resulting from occurrences, including the "necessary suspension" of business operations at any insured location caused by a government order, during the relevant time period.

22. The Policy was issued to Plaintiff at its principal place of business in Illinois.

23. The relevant provision setting forth the scope of coverage for business interruption losses are contained within the Business Owners Special Property Coverage Form. A copy of the Policy is attached here as "**Exhibit B**."

24. The Policy is an "all risk" policy that provides broad coverage for losses caused by any cause unless expressly excluded.

25. The Policy does not exclude losses from viruses or pandemics. Thus, the all-risk Policy purchased by Plaintiff covers losses caused by viruses, such as COVID-19.

26. In addition to property damage losses, Society Insurance also agreed to "pay for the actual loss of Business Income" sustained by Plaintiff "due to the necessary suspension" of Plaintiff's operations during the period of business interruption caused "by direct physical loss of or damage to covered property" at the insured's premises.

6

27. With respect to business interruption losses, "suspension" means: (1) "the partial slowdown or complete cessation of your business activities"; or (2) "that a part or all of the described premises is rendered untenantable if coverage for Business Income applies."

28. "Business Income" is defined in relevant part under the Policies as "Net Income (Net Profit or Loss before income taxes) that would have been earned or incurred if no physical loss or damage had occurred" plus "continuing necessary operating expenses incurred."

29. Society Insurance also promised to "pay necessary Extra Expense" Plaintiff incurs during the period of interruption that they "would not have incurred if there had been no direct physical loss or damage to covered property at the described premises."

30. "Extra Expense" is defined in relevant part under the Policies as any expense incurred (1) "to avoid or minimize the suspension of business and to continue operations at the described premises"; (2) "[t]o minimize the suspension of business if [Plaintiff] cannot continue operations"; or (3) "to [r]epair or replace any property[.]"

31. The Society Insurance Policies also include "Civil Authority" coverage, pursuant to which Society Insurance promised to pay for the loss of Business Income and necessary Extra Expense sustained by Plaintiff "caused by action of civil authority that prohibits access" to Plaintiff's insured premises.

32. This Civil Authority coverage is triggered when any non-excluded cause results in "damage to property other than property" at the Plaintiff's premises and is intended to cover losses resulting from governmental actions "taken in response to dangerous physical conditions."

### B. The Plaintiff's Losses Due to the Coronavirus Pandemic and the Closure Orders.

33. On March 11, 2020, the World Health Organization declared that the emerging

7

threat from the novel coronavirus—otherwise known as COVID-19—constituted a global pandemic.

34. Emerging research on the virus and recent reports from the CDC indicate that the COVID-19 strains physically infect and can survive on surfaces for up to 17 days, a characteristic that renders property exposed to the contagion potentially unsafe and dangerous. Other research indicates that the virus may linger on surfaces for up to four weeks in low temperatures.

35. In response to the pandemic, and the spread of the coronavirus in Chicago and throughout Illinois, Illinois Governor Pritzker issued Executive Order 2020-07 on March 15, 2020 requiring that all bars, restaurants, and movie theaters close to the public beginning on March 16, 2020 and continuing through March 30, 2020.

36. The continuous presence of the coronavirus on or around Plaintiff's premises has rendered the premises unsafe and unfit for its intended use and therefore caused physical property damage or loss under the Policies.

37. Executive Order 2020-07 was issued in direct response to these dangerous physical conditions, and prohibited the public from accessing Plaintiff's establishment, thereby causing the necessary suspension of their operations and triggering the Civil Authority coverage under the Policies. Executive Order 2020-07 specifically states, "the Illinois Department of Public Health recommends Illinois residents avoid group dining in public settings, such as in bars and restaurants, which usually involves prolonged close social contact contrary to recommended practice for social distancing," and that "frequently used surfaces in public settings, including bars and restaurants, if not cleaned and disinfected frequently and properly, also pose a risk of exposure."

38. Governor Pritzker's March 20, 2020 Closure Order (Executive Order 2020-10) closing all "non-essential" businesses in Illinois, including all restaurants and bars, likewise was made in direct response to the continued and increasing presence of the coronavirus on property or around Plaintiff's premises.

39. Like the March 15, 2020 Closure Order, the March 20, 2020 Order prohibited the public from accessing Plaintiff's establishments, thereby causing the necessary suspension of their operations and triggering the Civil Authority coverage under the Policies.

40. As a result of the Closure Orders, Plaintiff has suffered substantial Business Income losses and incurred Extra Expense. The covered losses incurred by Plaintiff and owed under the Policy are increasing every day and are expected to total a very substantial sum. As a result of these catastrophic losses, Plaintiff has been forced to furlough its workers and may have to permanently close its locations.

41. Following the March 15, 2020 Closure Order, Plaintiff submitted a claim to Society Insurance requesting coverage for its business interruption losses promised under the Policy.

42. On or about March 20, 2020, Society Insurance denied Plaintiff's claim.

### COUNT I: DECLARATORY JUDGMENT

43. Plaintiffs incorporate by reference, as if fully set forth herein, the facts set forth in paragraphs 1–42 above.

44. The Policy is an insurance contract under which Society Insurance was paid premiums in exchange for its promise to pay Plaintiff's losses for claims covered by the Policy, such as business losses incurred as a result of the government orders forcing them to close their businesses.

45. Plaintiff has complied with all applicable provisions of the Policy, including payment of the premiums in exchange for coverage under the Policy.

46. Society Insurance has arbitrarily and without justification refused to reimburse Plaintiff for any losses incurred by Plaintiff in connection with the covered business losses related to the Closure Orders and the necessary interruption of its businesses stemming from the COVID-19 pandemic.

47. An actual case or controversy exists regarding Plaintiff's rights and Society Insurance's obligations under the Policy to reimburse Plaintiff for the full amount of losses incurred by Plaintiff in connection with Closure Orders and the necessary interruption of its businesses stemming from the COVID-19 pandemic.

48. Pursuant to 28 U.S.C. § 2201, Plaintiff seeks a declaratory judgment from this Court declaring the following:

(a) Plaintiff's losses incurred in connection with the Closure Orders and the necessary interruption of its businesses stemming from the COVID-19 pandemic are insured losses under the Policy;

(b) Society Insurance has waived any right it may have had to assert defenses to coverage or otherwise seek to bar or limit coverage for Plaintiff's losses by issuing blanket coverage denials without conducting a claim investigation as required under Illinois law; and

(c) Society Insurance is obligated to pay Plaintiff for the full amount of the losses incurred and to be incurred in connection with the covered business losses related to the Closure Orders during the four-week indemnity period and the necessary interruption of its businesses stemming from the COVID-19 pandemic.

## COUNT II: BREACH OF CONTRACT

49. Plaintiff incorporates by reference, as if fully set forth herein, the facts set forth in paragraphs 1–48 above.

50. The Policy is an insurance contract under which Society Insurance was paid premiums in exchange for its promise to pay Plaintiff's losses for claims covered by the Policy, such as business losses incurred as a result of the government orders forcing them to close its business.

51. Plaintiff has complied with all applicable provisions of the Policy, including payment of the premiums in exchange for coverage under the Policy, and yet Society Insurance has abrogated its insurance coverage obligations pursuant to the Policy's clear and unambiguous terms.

52. By denying coverage for any business losses incurred by Plaintiff in connection with the Closure Orders and the COVID-19 pandemic, Society Insurance has breached its coverage obligations under the Policy.

53. As a result of Society Insurance's breaches of the Policy, Plaintiff has sustained substantial damages for which Society Insurance is liable, in an amount to be established at trial.

**COUNT III: STATUTORY PENALTY FOR BAD FAITH DENIAL OF INSURANCE UNDER 215 ILCS 5/155**

54. Plaintiff incorporates by reference, as if fully set forth herein, the facts set forth in paragraphs 1–55 above.

55. Upon receipt of the Closure Order Claims, Society Insurance immediately denied Plaintiff's claim (through cursory emails, as well as verbally and in writing) without conducting an adequate investigation, let alone a "reasonable investigation based on all available information" as required under Illinois law. See 215 ILCS 5/154.6.

56. To make matters worse, based on information and belief, Society Insurance directed its insurance agents, who are not Plaintiff's agents, to make sham statements

concerning the inapplicability of coverage before Society Insurance's policyholders even noticed their claims. Society Insurance took these actions, before claims were even submitted, as part of its plan to discourage claim notifications and to avoid any responsibility for its policyholders' staggering losses, in violation of Illinois law.

57. Society Insurance's denials were vexatious and unreasonable.

58. Society Insurance's denials constitute "improper claims practices" under Illinois law—namely Society Insurance's (1) refusals to pay Plaintiff's claim without conducting a reasonable investigation based on all available information and (2) failure to provide reasonable and accurate explanations of the bases for its denial. See 215 ILCS 5/154.6 (h), (n).

59. Society Insurance has offered no valid reason for its denial and failed to raise any bona fide disputes as to the whether the claim was covered by the Policy.

60. Therefore, pursuant to 215 ILCS 5/155, Plaintiff requests that, in addition to entering a judgment in favor of Plaintiff and against Society Insurance for the amount owed under the Policy at the time of judgment, the Court enter a judgment in favor of Plaintiff and against Society Insurance for an amount equal to the greater of: (1) 60% of the amount which the trier of fact finds that Plaintiff is entitled to recover under the Policy, exclusive of costs; and (2) $60,000. See 215 ILCS 5/155.

61. Plaintiff further requests that the Court enter a judgment in favor of Plaintiff and against Society Insurance in an amount equal to the attorneys' fees and costs incurred by Plaintiff for the prosecution of this coverage action against Society Insurance, which amount will be proved at or after trial, pursuant to 215 ILCS 5/155.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully prays that this Court:

1. Enter a declaratory judgment on Count I of the Complaint in favor of Plaintiff and against Society Insurance, declaring as follows:

   (a) Plaintiff's losses incurred in connection with the Closure Orders and the necessary interruption of its business stemming from the COVID-19 pandemic are insured losses under the Policy;

   (b) Society Insurance has waived any right it may have had to assert defenses to coverage or otherwise seek to bar or limit coverage for Plaintiff's losses by issuing a blanket denial without conducting a claim investigation as required under Illinois law; and

   (c) Society Insurance is obligated to pay Plaintiff for the full amount of the losses incurred and to be incurred in connection with the covered business losses related to the Closure Orders during the four-week indemnity period and the necessary interruption of its businesses stemming from the COVID-19 pandemic.

2. Enter a judgment on Count II of the Complaint in favor of Plaintiff and against Society Insurance and award damages for breach of contract in an amount to be proven at trial;

3. Enter a judgment on Count III of the Complaint in favor of Plaintiff and against Society Insurance in the amount equal to the greater of (1) 60% of the amount which the trier of fact finds that Plaintiff is entitled to recover under the Policy, exclusive of costs; and (2) $60,000;

4. Enter a judgment in favor of Plaintiff and against Society Insurance in an amount equal to all attorneys' fees and related costs incurred for the prosecution of this coverage action against Society Insurance, pursuant to 215 ILCS 5/155, which amount is to be established at the conclusion of this action;

5. Award to Plaintiff and against Society Insurance prejudgment interest, to be calculated according to law, to compensate Plaintiff for the loss of use of funds caused by Society Insurance's wrongful refusal to pay Plaintiff for the full amount in costs incurred in connection with Plaintiff's claim.

6. Award Plaintiff such other, further, and additional relief as this Court deems just and appropriate.

## JURY DEMAND

Plaintiff hereby demands trial by jury on all issues so triable.

Respectfully submitted this 8th day of May, 2020.

                        CLIFFORD LAW OFFICES, P.C.

                        By: *s/ Shannon M. McNulty*
                            One of the Attorneys for Plaintiff

                            Richard F. Burke, Jr.
                            rfb@cliffordlaw.com
                            Shannon M. McNulty
                            smm@cliffordlaw.com
                            James C. Pullos
                            jcp@cliffordlaw.com
                            CLIFFORD LAW OFFICES, P.C.
                            120 North LaSalle, #3100
                            Chicago, IL 60602
                            312-899-9090